Good morning, everybody. We're here today for oral arguments. We are going to begin with Appeal No. 21-3224, United States v. Anthony Pemberton. We'll hear first with oral argument from Mr. Leon. Good morning, Your Honors, and may it please the Court. The question here is whether Mr. Pemberton's conviction under Indiana's 2003 conspiracy statute categorically fits within the 1994 Three Strikes Law. The party's agreements here clear much out of the way for the Court in completing that analysis. In fact, each relevant premise on appeal for Mr. Pemberton's conspiracy argument is undisputed. So I think it's helpful to walk through each relevant premise. The parties first agree that the Taylor categorical approach and the generic definition approach apply and govern the analysis. We then agree that Indiana's 2003 conspiracy statute punished what I've called a unilateral conspiracy in the briefs. We then agree that Indiana's conspiracy statute is categorically broader than any bilateral conspiracy provision. Mr. Leon, there's been no Indiana law beyond this Tidwell case that speaks to this unilateral versus bilateral question? No, Your Honor. I think there are multiple Indiana Supreme Court cases that we've cited in the briefs that address this unilateral and bilateral question. And where does it land? It lands that Indiana is a unilateral conspiracy statute. So I think the dispositive question left here is whether the 1994 Three Strikes Law's generic conspiracy is a bilateral conspiracy. Mr. Leon, before we go too far down the merits, why haven't you forfeited this argument by not raising it below? Your Honor, we preserved our serious violent felony claim in the District Court. In the District Court, we argued one. And then we argued that the conspiracy conviction is not a serious violent felony under the enumerated offenses clause of the 1994 Three Strikes Law. On appeal, we're doing the same thing. But you're really not because below you argued that it didn't qualify for factual reasons because your client wasn't possessing the gun. Here you're raising really a separate legal argument under the categorical approach. How does that preserve it? I would point this court to Billups and Wanjuku. So in Billups, the defendant in the District Court argued that a false imprisonment conviction did not qualify as a crime of violence. The argument he gave in the District Court was that this is a force problem, a use of force problem. On appeal, he came and argued something about consent, completely different. And the court said that is enough under view, ye, and that line of precedent to preserve the objection. And Wanjuku is also helpful. In that case, the government argued that in the District Court, the government argued that the defendant's Fourth Amendment rights were not violated. Then once it got on appeal, the government argued that the good faith exception applied. Mr. Leon, let me ask you a similar question. The argument that you made as Judge St. Eve is indicating in the District Court is that the safe harbor under 3559 was satisfied, correct? 3559C3. I would phrase the argument as it doesn't fall within the enumerated offenses clause because of that reason. Right, okay. And the reason that you focused on was the safe harbor. That's correct. And the facts of the underlying offense. That's correct. Okay, the difficulty that I have with the argument that your position that it's preserved is that the categorical approach, if it's nothing else, is not about the facts of any particular case. The U.S. Supreme Court has told us that over and over and over again. So how can we say that at a more general level, your argument that this does not fit within the enumerated offense clause preserved a categorical approach argument? I just, I don't see it. Your Honor, I agree our argument did discuss the facts some, but we discussed the categorical approach below. And the government even argued that the categorical approach applied in that instance. But the categorical approach applying does not preserve an objection that you think you can't get the enhancement because of it. In fact, when the government said the categorical approach applies, you didn't object on that basis. Well, Your Honor, the government has cited no case in the Seventh Circuit that supports this position. It's only cited out-of-circuit precedent. And under this court's precedent, it's already drawn these lines. Billups and Wanjuku drew the lines relevant for this case. This is not a forfeiture case. But even if— Do you agree that there's nothing you argued before the district court that would have alerted the district court to address this issue? No, I disagree. We mentioned below in the district court that a conspiracy involves two or more persons. So I think that put the district court on notice. How would that have put the district court on notice to address the bilateral versus unilateral categorical approach argument? Because, Your Honor— There's nothing that was even mentioned, bilateral versus unilateral. Because, Your Honor, for 200 years, conspiracy in federal law has meant this. This is the first court that I can find ever to rule so. So the district court did something here that no court has done in a federal context. But even assuming forfeiture does apply, and I strongly disagree with that. Well, let's assume it does apply and plain error applies. How do you win? So the government has not disputed prongs three and four. That's undisputed on appeal. And the government, for prong one, is basically what we're talking about, that I think the categorical approach argument is really strong. So then we get to prong two, which is whether the error is clear. And here the government still hasn't disputed prong two under the correct generic definition analysis. It doesn't dispute that the 1994 generic definition was bilateral. It asks this court to avoid Stitt, Esquivel-Quintana, Van Cannon, and other binding precedent that says you adopt the generic definition in effect at the time of enactment. What the government has argued here is that it wants the court to adopt a 2023 version of the generic offense. And that's barred by, as I said, Stitt, Esquivel-Quintana, and this court's precedent. So the only thing the government has left on its side is the 1962 Model Penal Code's unilateral view. But Congress rejected that for 32 years, day in and day out. And it wasn't like there was a turning point in 1994. Congress then rejected the Model Penal Code's view for another 30 years after 1994. This court will become the first court to hold that federal conspiracy covers a unilateral conspiracy. I can find no others. So I think that's why we would win under plain error. And I would point the court to Ruth, for instance. The subject matter doesn't matter for the plain error analysis. In Ruth, this court held that it was plain error for the definition of isomer. And that is really for a broad when it comes to whether a district court's going to notice something. Here we have conspiracy 101 in federal law. And the district court just didn't see it. And that's okay. But that's why we have appellate courts to make sure that the law is applied correctly. And so I'll just conclude very quickly, Your Honors, that three strikes conspiracy is bilateral. Every other conspiracy in federal law is bilateral. A majority of jurisdictions in 1994 was bilateral. And that ends this case. Unilateral conspiracy in Indiana is broader. And Mr. Pemberton's conviction does not fit within the 1994 three strikes law. I reserve the rest of my time for rebuttal. Very good. Thank you, Mr. Leon. We'll next move to Ms. Spiro. Thank you, Your Honors. May it please the court, Samantha Spiro on behalf of the United States. As you've noted, the preliminary issue here is that the defendant has forfeited the argument below or forfeited the argument he makes now. The argument that the defendant made below presupposed that some Indiana conspiracies could constitute serious violent felonies. It's just his didn't based on the facts. That was his argument below. And he now argues an inconsistent argument, which is that no Indiana conspiracy whatsoever could be a serious violent felony. What do you think about his analogy to the Ruth case? I still think under the plain error, I think the law is very unsettled in this, at least unsettled in this area. And so under plain error, he just can't succeed. I do think we do agree that you have to apply the categorical match or the categorical approach in this case, because Congress did not define conspiracy with regard to a federal statute or at all. And so under the categorical approach, you have to look at the ordinary, commonly understood, generic meaning of conspiracy. And our position is whether you look at that in 1994 or you look at that in 2023, the commonly understood, generally accepted meaning of conspiracy included both types of conspiracy, both unilateral and bilateral. Don't you think 1994 is the proper measurement date? Our position is that it's not dispositive what date you look at. You can look at 1994 or 2003, and all of the sources to which Taylor and Esquivel-Quintana instruct us to look at, point towards unilateral conspiracy being the accepted, being part of the accepted version of conspiracy. The Solicitor General of the United States in the Stitt case took the position that the relevant measurement period is the date the statute went into effect. And that makes good sense to me. So we would acknowledge that that's what it said in the Stitt case, and our position is that if you look at the statute or if you look at federal generic conspiracy in 1994, based on all the sources that Taylor asks us to consider, it's still unilateral conspiracy. That is the generic, commonly accepted version. And even the defendant acknowledged that starting in 1960, the states were trending towards a unilateral version of conspiracy. The Model Penal Code accepted the unilateral version of conspiracy. What do you think the state of the law was in 1994 focusing on 18 U.S.C. 371? So I think 18 U.S.C. 371, we would agree that the courts have held that that's a bilateral statute. But Congress knew how to define crimes, predicate crimes, with reference to specific federal statutes. It did it in the statute, in the Three Strikes Law itself. Isn't that a heads-I-win-tails-you-lose argument, though? Because the conspiracy then would be defined different places in the statutes and the guidelines. So I think our position is that Congress didn't define conspiracy in the specific Three Strikes Law. Instead, it wanted to encompass state crimes by whatever name and whenever committed. And I think that's extremely broad language, and that's part of the reason why it wasn't referencing a specific federal statute. And the courts haven't looked specifically at any federal statute in defining the generic version of these crimes. Right, but for purposes of trying to figure out what the federal generic is, right, you're looking at the term conspiracy as it applies in 3359C2, right? Correct. Okay. And do you agree that 371 case law is relevant to that consideration? Yes. I mean, we agree that it's relevant, but we don't agree that it's the only consideration. There are a number of considerations that, for example, the Taylor Court looked at. It's not just the statutory federal law. No, fair enough. I just wanted to be sure that your position was not limited to Title 21. No, Your Honor. So, again, all of the sources considered in Taylor and Esquivel-Quintana point to the fact that the law is at the very least unsettled, and because the law is at the very least unsettled, the defendant can't succeed on the plain error standard. I would also just finally point to the purpose and the text of the statute again, which is extremely broad, and the courts have recognized there's not a counterpart in many of the other statutes where we're applying the categorical approach. Congress intended to capture state crimes by whatever designation and wherever committed, and it sought to encompass a wide variety of state crimes. And so we believe that the defendant, based on all of those factors, can't succeed on plain error, and we ask that you affirm the district court. In Esquivel-Quintana, the Supreme Court found that there were 30 states and that a shared consensus among those 30 states as to particular meeting was a significant majority. Here we have 31 states back in 1994 that followed the bilateral approach. Why wouldn't that be enough for plain error? So I think in Esquivel-Quintana, they did look at the number of states as a relevant factor, but they also considered the other context and the other factors that we've discussed. So in Esquivel-Quintana, they considered the dictionary definition. They considered the trend from 1996 to today, and so it wasn't just as positive that those 30 states went a certain way. And in this case, we would argue that there's a relevant trend here, and the relevant trend is towards it's only gone one way, and it's gone towards acceptance of the uniform. But that's only relevant if we don't just look at 1994 when it was put in place. So I don't necessarily agree with that. Why? Starting in 1960, as the defendant acknowledged in his brief, some states were beginning to change towards a unilateral approach, and the model penal code was drafted in 1962, and it accepted unilateral conspiracy as an acceptable form of criminal conspiracy. Thank you, Ms. Byron. Thank you, Your Honor. Mr. Leon, we'll go back to you for rebuttal. Thank you, Your Honor. Two quick points. One, to create the generic definition, we looked at three things. Federal law, as Judge Scudder has pointed out, and I said earlier, it's been unanimous for 200 years. Congress doesn't punish unilateral conspiracies, and that has to be true in this case where the mandatory three strikes law results in life imprisonment in many cases. Two, my colleague here talked about how there's a trend that's irrelevant. The question is, what was the status of the law in 1994? At that time, the government has not disputed that at least 30 jurisdictions followed the bilateral approach. So we have unanimity in federal law in 1994, and we have a majority of jurisdictions in 1994 that are bilateral. That's the end. There's no categorical approach case that I can find or that the government has cited in which the Supreme Court took the minority view to create the generic view. That's the exact opposite of what is generic, and that's true under any standard of review. As I said before, and I want to make clear, the government hasn't disputed prongs three and four. Prongs one is just the de novo review, and in my view, the government has conceded prong two as well. With no further questions, Your Honor, I rest on the briefs. Thank you very much, Mr. Leon. Thank you, Ms. Spiro. The case will be taken under advisement.